properties, inducing defendant to come from Mississippi to Chicago to negotiate another contract in regard to the same properties, and that the terms were agreed upon in plaintiff's office and that instead of returning to his office to close the deal, according to their understanding, defendant and the purchaser a few days later signed a written contract, in Michigan, for the purpose of avoiding the commission, under the terms of which contract the properties were transferred, *held* that it was error to refuse to allow the cause to go to the jury on plaintiff's theory.

3. BROKERS, § 90*—*evidence as to ability.of purchaser to perform.* In an action by a broker for a real estate commission, where although it appeared that a third party did not have title to property which he agreed to exchange for defendant's, there was evidence tending to prove that he had a right to demand that the property be deeded to himself or to any one whom he might designate, and he actually procured the delivery of the property to the defendant in exchange for the property mentioned in the contract as belonging to the defendant, evidence *held* to require submission to the jury the question whether such third party was ready, able and willing to carry out his part of the contract for the exchange of the properties.

---

Estelle Hilton, Defendant in Error, v. Theophilis B. Hilton, Plaintiff in Error.

Gen. No. 20,087.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed in part, reversed and remanded in part. Opinion filed February 4, 1914.

Statement of the Case.

Bill by Estelle Hilton against Theophilis B. Hilton for separate maintenance. Defendant filed a cross-bill for a divorce. A decree for separate maintenance was entered in favor of the complainant, and the de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant's cross-bill was dismissed for want of equity. To reverse a part of the decree, defendant brings error.

The record did not contain a certificate of evidence. The certificate of the clerk, attached to the transcript of the record, recited that the transcript was complete, except as to certain orders, affidavits, appearances, substitutions, stipulations and notices.

CHARLES S. GRAVES, for plaintiff in error.

MICHAEL D. DOLAN, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. HUSBAND AND WIFE, § 267*—*necessity of preserving evidence to support decree of separate maintenance.* The party in whose favor a decree for separate maintenance is entered, to maintain it must in some way preserve the evidence, by a certificate of evidence or otherwise, or the decree must find specific facts, proven at the hearing, sufficient to support it, the duty not devolving upon the party against whom such decree is rendered.

2. HUSBAND AND WIFE, § 267*—*necessity for preserving evidence for review of decree of separate maintenance.* Where the complainant failed to preserve in the record a certificate of the evidence upon which a decree for separate maintenance was entered and the decree did not recite a specific finding of facts, simply finding "that the allegations in the said bill contained are true, as therein stated; and that the equities of this cause are with the complainant," *held* the findings were insufficient to sustain an order for separate maintenance.

3. HUSBAND AND WIFE, § 267*—*necessity of finding specific facts to support decree of separate maintenance.* The fact that the certificate of the clerk shows that the transcript is not complete will not give rise to a presumption that a decree is properly supported by the evidence in the absence of a recital of a finding of specific facts sufficient to support the decree.

4. APPEAL AND ERROR, § 1035*—*necessity of assignments of error.* Where defendant does not assign any error for the dismissal of his

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cross-bill for divorce, in his appeal from a decree for separate main-
tenance, the court will not review the dismissal of the cross-bill by
the trial court.

## John F. Devine, Administrator, Appellee, v. Rosenbaum Brothers, Appellant.

### Gen. No. 19,935.

1.  TRIAL, § 163*—*when construction of contract question of law.*
Where a contract is in writing its construction presents a question
of law, if its terms are unambiguous.

2.  MASTER AND SERVANT, § 856*—*when relation of independent
contractor may exist as to part of work.* One employed to do cer-
tain work may be an independent contractor as to certain parts
of the work and merely a servant or agent of the party employing
him as to the residue of the work.

3.  MASTER AND SERVANT, § 857*—*what is effect of retention of
partial control.* One entering into a contract with another, who
reserves the right to control the contractor in a given particular,
thereby reserves to himself the powers of a master as to that par-
ticular.

4.  MASTER AND SERVANT, § 857*—*retention of right to supervise.*
While the owner of premises contracting with another for the im-
provement of same has the right to see that the work is performed
in accordance with the contract, and an independent contractor
is not converted into a servant by provisions in the contract re-
serving to the employer certain rights of supervision during the
progress of the work, and upon its completion, such right of super-
vision implies merely the right to approve or disapprove the re-
sults of the work, and does not give the owner the right to make
directions as to the mode of arriving at such results.

5.  MASTER AND SERVANT, § 857*—*what is test in determining re-
lationship as servant or contractor.* The absolute test in deter-
mining whether one employed to do certain work is a servant or
contractor is not the exercise of control by the employer, but it
is the right to exercise control; it is the possession by the em-
ployer of the right of interference that puts upon the employer
the duty of seeing that the employee does his duty properly.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.